### HARVEY et al. v. WRIGHTSMAN.

District Court, S. D. California, S. D.
March 31, 1931.

Lyon & Lyon, Frederick S. Lyon, Leonard S. Lyon, and I. L. Fuller, all of Los Angeles, Cal., for plaintiffs.

Westall & Wallace and Joseph F. Westall, all of Los Angeles, Cal., for defendant.

McCORMICK, District Judge.

This is a suit in equity for infringement of United States letters patent No. 1,552,332, granted September 1, 1925, to Chester D. Miller and Leo M. Harvey, on an application filed September 2, 1924, for air deflector. The plaintiff has regularly succeeded to all the rights of the patentees and is the sole owner of the patent and of the invention claimed therein. The principle defenses asserted by defendant and relied upon at the trial and in the briefs are: First, no invention; and, second, noninfringement. The subject-matter of the patent in suit is concerned with air deflectors for mounting on the doors of an automobile of the closed type. The construction of such air deflectors, as disclosed in the teachings of the patent in suit, is such that it acts as a valve so that the driver or other occupant of the car can adjust this valve to control the degree of ventilation for the interior of the car or as winter weather conditions require, he can close the valve entirely so as to shut out the air currents from the interior of the car. The whole device is mounted on the outside of the door so that there is no interference with the opening or closing of the car door as the air deflector moves with the door and remains at all times in fixed adjustment in respect to the door.

There are two claims, and both are in issue in this suit. Claim 1 reads: "An air deflector comprising brackets adapted for mounting on the outer face of an automobile door above and below the opening in said door and provided with bearings, clamping members having horizontally extending legs and vertical flanges, pivots projecting from the legs of the clamping members, a glass having its upper and lower edges interposed between the flanges and the second clamping members, and its front edge located so as to be positioned against the face of the door, or through said pivots to be adjusted to increase or diminish the space between said edge and the door, and means to draw the second clamping members toward the flanges." Claim 2 is as follows: "An air deflector comprising brackets adapted for mounting on the outer face of an automobile door above and below the opening in the door and provided with bearings, clamping members having horizontally extending legs and vertical flanges, pivots projecting from the legs of the clamping members and engaging the bearings, co-operating clamping members, a glass having its upper and lower edges interposed between the flanges and the last-named clamping members and its front edge arranged to fit against the door or to be adjusted through said pivots so as to increase or diminish the space between said edge and the door and thus vary the amount of air admitted through said space to the opening in the door."

The patent is presumed valid, and, in the absence of clear and indubious proof that

it is anticipated by prior or patented art, it must be sustained. There are two patents that are especially urged by the defendant to defeat the patent in suit and to divest it of any inventive quality. They are Knapp, No. 1,444,191, filed July 28, 1920, and granted February 6, 1925, for an air deflector for automobiles, and Margason, No. 1,503,510, filed August 16, 1923, and granted August 5, 1924, for a windshield for closed motorcars. The file wrapper of the patent in suit reveals that at the time the application was pending it was considered by the Patent Office that the claims of the plaintiff involved no patentable novelty over the art of record as shown by the two aforesaid earlier patents, the opinion of the examiner stating:

"It is not seen that there is any material difference between the two claims.

"The claims are rejected as being devoid of patentable novelty over the art of record for the reasons given in the last action. The windshield structure recited is substantially anticipated by Knapp. The mere fact that the shield is mounted on a closed car rather than on an open one cannot confer novelty, especially in view of Margason who shows a windshield mounted adjacent the opening in the door. There is obviously no invention in substituting a conventional shield of the adjustable type, such as illustrated by Knapp for the shield of Margason."

Thereafter upon an explanatory statement by an attorney for the patent applicant the matter was reconsidered and the patent in suit granted with the two aforesaid claims.

In addition to such patent references, there is much evidence in this record showing the manufacture and commercial use and sale of windshields and deflectors for automobiles of the closed and California top types during a period antedating the application for the patent in controversy, some of this evidence revealing commercial manufacture and uses prior to the conception of the invention here claimed by plaintiff. It is unnecessary herein to set it forth. Suffice it to say that, while it raises doubt as to any inventive quality of the patent, it is considered insufficient in law to justify overthrowing the presumption of invention that attaches to the patent by reason of its issuance. I understand the rule to be, in so far as the defense of nonpatentability or lack of invention is concerned, that, if any doubt remains after considering all of the evidence as to whether the patent is valid, such doubt should be resolved in favor of the

patent, and its validity sustained. Schumacher v. Buttonlath Mfg. Co. (C. C. A. 9) 292 F. 522.

However, the rule is equally well settled that, while the evidence may be insufficient to overthrow the presumption and defeat the patent, it may be instructive and illuminating upon the range of the invention and upon the scope of its allowed patent claims in the ascertainment of whether or not other combinations or devices infringe the patentees' rights. I believe that the ruling of the Patent Office that has been adverted to suggests that, although the application was later granted, it was by no means considered to be a generic or primary invention. This was apparently the case in the Patent Office in the light of the citations found in the file wrapper and contents, and it is certainly the conclusion to be drawn from these references and the additional evidence shown by the record in this suit. The testimony of the witnesses Lillie, Eisenhardt, Bonness, Morgan, Milligan, Callahan, Shugers, and others corroborated by documentary evidence of commercial uses and sales of windshield deflectors for inclosed type cars and by the production of devices, present such a picture of the state of the prior art in air deflectors for automobiles of the inclosed type at the time of the Miller and Harvey invention that its two claims must be narrowly construed, and that the patent does not embody a basic invention but one that is properly classified as a structural improvement. When the evidence adverted to is analyzed and considered, it is clear that the combination of the claims in suit are specifically limited to two clamping members and screws to hold them together, and that the phrase in claim 1, "and means to draw the two clamping members toward the flanges," designate and connote exclusively the screws 23 that enter through holes or apertures in the flanges, and that have threaded engagement with holes 22 in the clamping members. To enlarge or amplify the quoted phrase so as to cover and include air deflectors that are constructed without the use or employment of such screws and with but one grooved clamping member as illustrated by Plaintiffs' Exhibit 7, the alleged infringing device, would be to rule out of the picture of the prior art the several progressive steps shown to have been taken in the production of air deflectors suitable and adaptable to motorcars of the inclosed type, and to rewrite the claims. This would be an improper method of interpreting the scope of the patent that,

according to the file wrapper and contents, was for an improvement in air deflectors. Claim 2 is substantially the same as claim 1. It is not entitled to a broad interpretation. The plaintiff is fully protected in the light of the proven state of the art in the enjoyment of what was actually invented by limiting the patent and its claims to the specific structures shown by the verbiage and drawings of the patent itself. This invention is not of sufficient dignity to establish a complete monopoly in the closed car air deflector industry. An examination of Plaintiffs' Exhibit 7 satisfies one of marked and substantial differences from the disclosures and limited claims of the patent in suit. Defendants' deflector disclosed no clamping members; the glass is secured in place by being wedged in a solid channel or groove. In this respect defendants have followed the art as it was developed long prior to the invention in suit and as illustrated by several devices that have been introduced in evidence. Defendants' Exhibit Y illustrates the solid channel method of wedging the glass that has just been mentioned, and there are other exhibits in the case which similarly illustrate this feature of construction. The two clamping members and screws to hold the clamping members together constitute an essential element in the combination of the claims of the patent. The rubber or felt strip cannot be considered as a clamping member in view of the prior art shown. The mode of operation of Exhibit 7 is substantially dissimilar and different from the patent disclosed, and, in such a situation, identity of result, even if present, is not proof of infringement. The means used by defendant to accomplish the result are not the means described and claimed in the patent, and, moreover, the means utilized by defendant do not operate to produce the result in the same way. Cimiotti Unhairing Co. v. American Fur Refining Co., 198 U. S. 399, 25 S. Ct. 697, 49 L. Ed. 1100. There are other distinguishing characteristics and features between the patent and Exhibit 7 that to my mind defeat the claim of infringement herein, but sufficient has already been said to indicate that the patent in suit has not been infringed by the defendant by the manufacture or sale of Plaintiffs' Exhibit 7.

The patent, No. 1,552,332, for an air deflector, is held valid and not infringed by defendant, and accordingly defendant is entitled to a decree of dismissal, with costs. It is so ordered.